IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN LUDI,

      Plaintiff,

      v.                                                  Civ. No. 24-464 SCY

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

## ORDER GRANTING IN PART § 406(B) ATTORNEY'S FEES

This matter comes before the Court on Plaintiff's Motion and Memorandum In Support of Motion For An Award Of Attorneys Fees Under 42 U.S.C. 406(b). Docs. 26 & 27. Plaintiff's counsel requests a fee award of $26,798.75 for work performed in this Court that resulted in a successful Social Security benefits award, which represents 25% of the claimant's past-due benefit award. The Commissioner indicates he is not a party to § 406(b) fee awards and "neither supports nor opposes" the request. Doc. 28; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants"). For the reasons set forth below, the Court awards fees to Plaintiff's counsel, but in an amount less than Plaintiff's counsel requests.

## LEGAL STANDARD

Attorney's fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the agency and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation in court proceedings, a court may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2. If the amount the agency withholds in reserve for attorney's fees is less than the amount the court awards to counsel under § 406(b), counsel must look to the claimant rather than the agency to recover the difference. *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008).

Although § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits and may be unreasonable even if they fall below this number. *Id*. at 807 n.17. In acting as an "an independent check" to ensure that fees are reasonable, there is no presumption that 25% of the past-due benefits is reasonable. *Id.* at 807 n.17.

Counsel bears the burden of demonstrating the reasonableness of the fee. *Id*. at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results the representative achieved; (2) whether the attorney was responsible for any delay; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* "If the

2

benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.[1]

## **REASONABLENESS DETERMINATION**

Counsel represents he spent 11.1 hours on the federal court appeal. Doc. 27 at 4. Granting the full amount of the fee counsel requests would equate to an hourly rate of $2,414.30. Based on this effective hourly rate, the Court concludes that the fee counsel requests ($26,798.75) would be disproportionately large in comparison to the amount of time spent on the case. *See Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.").

In *Cole v. Berryhill*, the undersigned stated that a rate of $500 per hour would be more reasonable and consistent with previous awards both by this Court and other decisions in this District. Doc. 40, No. 14cv1167 SCY (Oct. 20, 2017). In 2021, the undersigned imposed a

---

[1] The Court has opined that to be timely, § 406(b) fee requests should be filed within one month of the Notice of Award. *Montgomery v. Saul*, No. 17cv526 SCY, 2020 WL 6342782, at *2 n.4 (D.N.M. Oct. 29, 2020). Counsel filed the present motion in just over two months, from June 11 (notice of award) to August 13 (motion). Doc. 27 at 2 n.2. Counsel explains that his office has a long backlog of award notices and motions to file. *Id.* The Court accepts counsel's explanation and appreciates counsel's efforts to file future motions within a month from the notice of award.

reasonable-fee ceiling of $550 per hour. *Martinez v. Kijakazi*, Doc. 29, No. 19cv980 SCY (Sept. 30, 2021). In late 2023, the undersigned recognized that the cost of legal services continues to rise, and so should the amount of a reasonable fee. In both 2023 and 2024, the undersigned stated that a fee of $600 per hour is the highest reasonable rate based on experience and case law evaluation. *Bennett v. Kijakazi*, No. 21cv939 SCY, 2023 WL 7114595, at *2 (D.N.M. Oct. 27, 2023); *Fewell v. O'Malley*, No. 21cv398 KG-SCY, 2024 WL 3446525, at *2 (D.N.M. June 27, 2024), *report and recommendation adopted*, 2024 WL 3444334 (D.N.M. July 16, 2024). Recognizing that rates courts award must be adjusted periodically due to inflation and recognizing other awards provided in this district, the Court believes that a rate as much as $650 could be reasonable.

Counsel's arguments that the Court should approve a rate of $2,414/hour, however, are unpersuasive. First, Counsel argues that fees resulting in such a high hourly rate are justified because the contingency nature of Social Security appeals increases their risk, as many appeals result in no award at all. Doc. 27 at 4-5. In evaluating this argument, the Court considers the United States Supreme Court's decision in *City of Burlington v. Dague*, 505 U.S. 557 (1992). After a plaintiff prevailed in an action governed by a fee-shifting statute, the Supreme Court considered whether a district court "may enhance the fee award above the 'lodestar' amount in order to reflect the fact that the party's attorneys were retained on a contingent-fee basis and thus assumed the risk of receiving no payment at all for their services." *Id.* at 559. In considering attorneys' fees, the district court "declared that Dague's 'risk of not prevailing was substantial' and that 'absent an opportunity for enhancement, [Dague] would have faced substantial difficulty in obtaining counsel of reasonable skill and competence in this complicated field of law.' It concluded that 'a 25% enhancement is appropriate, but anything more would be a windfall to the

4

attorneys.' It therefore enhanced the lodestar amount by 25%." *Id.* at 560 (alterations omitted).

The Supreme Court rejected the district court's conclusion that the plaintiff attorney's risk of recovering nothing at all justified the district court's large attorney fee award. *Id.* at 563. It reasoned:

> the consequence of awarding contingency enhancement to take account of this "merits" factor would be to provide attorneys with the same incentive to bring relatively meritless claims as relatively meritorious ones. Assume, for example, two claims, one with underlying merit of 20%, the other of 80%. Absent any contingency enhancement, a contingent-fee attorney would prefer to take the latter, since he is four times more likely to be paid. But with a contingency enhancement, this preference will disappear: the enhancement for the 20% claim would be a multiplier of 5 (100/20), which is quadruple the 1.25 multiplier (100/80) that would attach to the 80% claim. Thus, enhancement for the contingency risk posed by each case would encourage meritorious claims to be brought, but only at the social cost of indiscriminately encouraging nonmeritorious claims to be brought as well. We think that an unlikely objective of the "reasonable fees" provisions. These statutes were not designed as a form of economic relief to improve the financial lot of lawyers.

*Id.* (internal quotation marks and citation omitted). Although *Dague* does not control fee awards in social security cases, the rationale for not incentivizing attorneys to take cases less likely to be successful nonetheless applies. And, here, the $650/hour rate the Court is authorizing is higher than the amount the Court would award in a lodestar statutory fee-shifting context. This rate recognizes the reality that a claimants' attorney will not be paid in every case while also recognizing the concerns the Supreme Court articulated in *Dague*.

Thus, even though the Court agrees with counsel that it should not convert the typical contingency fee arrangement between a plaintiff's attorney and client into an hourly fee arrangement, the Court has the ultimate duty to consider whether a plaintiff counsel's fees are reasonable (particularly when the person paying those fees often has limited financial means). Supreme Court precedent requires this Court to make "a downward adjustment" to the request if "the benefits are large in comparison to the amount of time counsel spent on the case."

5

*Gisbrecht*, 535 U.S. at 807.

      Next, counsel also argues that his efficiency "should not be punished." Doc. 27 at 5. The Court agrees that counsel was extremely efficient in this case. The Court also agrees that efficiency should be encouraged and that strict adherence to a lodestar approach could disincentivize efficiency. However, reflexively awarding the maximum percentage available could also incentivize attorneys seeking to receive a large payment for little work to forego thorough research and briefing. The Court's present fee award takes into consideration counsel's efficiency by permitting a higher effective hourly rate than the Court would permit under a lodestar analysis. As *Gisbrecht* mandates, however, the Court's present fee award also considers whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.

      As a further justification for the fee award sought, counsel represents that, if the Court awards 25% of back pay in this case as part of its § 406(b) fee award for work before the Court, counsel will not seek payment under § 406(a) for work performed before the agency. Because counsel would not be getting paid for time spent on work before the agency, counsel argues, the actual hourly rate counsel would receive when considering all hours worked would be less than the $2,414/hour rate that is calculated without consideration of time spent advancing claimant's arguments before the agency. Doc. 27 at 6. Counsel further asserts that foregoing payment under § 406(a) based on receipt of a high hourly rate under § 406(b) would allow his client to receive payment sooner. *Id.* at 6 n.6. Counsel, does not, however, indicate how many hours he spent advancing his client's cause before the agency, for which he would not be paid under counsel's proposed payment plan.

      Even if counsel had provided this information, however, Tenth Circuit precedent does not

6

allow the Court to consider work performed before the agency when awarding fees under § 406(b). *Harris v. Sec'y of Health & Hum. Servs.*, 836 F.2d 496, 497-98 (10th Cir. 1987), *abrogated in part on other grounds by Frazier v. Apfel*, 240 F.3d 1284 (10th Cir. 2001). Thus, although the Court is sympathetic to the process delays that counsel and claimant may incur, under binding Tenth Circuit precedent, in awarding § 406(b) fees, it cannot consider work counsel performed before the agency and counsel's offer to forego filing a § 406(a) payment request for such work.

## CONCLUSION

Plaintiff's Motion and Memorandum In Support of Motion For An Award Of Attorneys Fees Under 42 U.S.C. 406(b), Doc 26, is GRANTED IN PART AND DENIED IN PART. The Court awards a fee of $7,125, which represents $650 an hour and does not exceed 25% of the back pay award, for legal services rendered in the United States District Court, to be paid from the claimant's past-due benefits. The Court further orders counsel to refund to Plaintiff any EAJA fees that were not previously garnished under the Treasury Offset Program.

*/s/ Steve Yarbrough*
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**